CHARLES TRACEY, JR. *vs.* GEORGE D. PAGE.

Hampden.    January 6, 1909. — February 24, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Landlord and Tenant.    Evidence.*

The proprietor of a tenement house, who maintains a pole back of the house with pulleys upon it, respectively opposite other pulleys attached to the piazzas at the rear of the tenements on the different floors, to be used by the tenants for rigging their clothes lines, and who has equipped the pole with iron pins driven into it alternately on opposite sides, to enable any one having occasion to do so to climb to any one of the pulleys upon the pole, invites his tenants, or any one employed by them in that behalf, to climb the pole for the purpose of readjusting a clothes line which has slipped off one of the pulleys on the pole, and accordingly such proprietor is liable to a neighbor of one of the tenants, who at the request of the tenant's daughter climbs the pole for this purpose and is injured by the pole falling, after breaking at the surface of the ground, owing to rottenness which has existed for a long time.

In an action against the proprietor of a tenement house for personal injuries caused by the falling of a pole maintained by the defendant for the purpose of holding pulleys to support clothes lines extending to other pulleys attached to the

piazzas respectively at the rear of the tenements on the different floors, while the plaintiff, in behalf of one of the tenants, had climbed the pole by means of iron pins with which it had been equipped by the defendant, for the purpose of readjusting the tenant's clothes line, which had slipped off one of the pulleys on the pole, it was plain on the facts that the plaintiff had climbed the pole at the invitation of the defendant unless there was an agreement on the part of the defendant which contradicted such invitation. There was no evidence that an agreement was made at any time expressly on the subject of clothes lines or of climbing the pole. The plaintiff was allowed to prove that the tenant when he first moved into the tenement furnished and put up his own clothes line. The tenant testified that after he went into possession he had a talk with the defendant's janitor or agent and was told that the janitor " was to do the repairing " and that this referred to " looking after the windows . . . something like that," that " he said repairs, he didn't say what," that " when we needed anything done to ask L. [the janitor] to do it." Against the defendant's objection the plaintiff then was allowed to ask the tenant whether, so far as he knew, the janitor at any time did anything in the way of adjusting any tenant's clothes line or putting up any tenant's clothes line, and the tenant answered that he never had seen him do either. *Held*, that the admission of the evidence was proper, the fact that the tenant furnished and put up his own clothes line when he first moved into his tenement tending to prove that the tenement when let to him was not equipped by the landlord with a clothes line, and the conduct of the janitor in never adjusting or putting up any tenant's clothes line being material to show that the rigging and readjusting of clothes lines for the tenants were not included in the loosely stated subsequent agreement by which the janitor of the building was to be called upon for repairs. *Held*, also, that, with this evidence, the jury were not bound as matter of law to find that there was an agreement negativing the invitation, which, but for such agreement, was given by the defendant to climb the pole in order to readjust the clothes line, and could find that no such agreement existed.

LORING, J.    This action was brought to recover compensation for injuries suffered under the following circumstances.

The plaintiff was a neighbor of one Mosse, the lessee of one of the tenements in an eight tenement house owned by the defendant. The house was four stories in height, with two tenements on each floor, the tenement occupied by Mosse being on the fourth floor. Two poles had been erected by the defendant back of the house (one opposite each tier of tenements) for the clothes lines of the tenants ; a pulley had been attached by him to the piazza in the rear of each tenement and another pulley to one of the poles on a level with each piazza pulley, through which the clothes lines were to be run.

About two years and a half after Mosse became the lessee of the tenement, his daughter, after washing the family clothes, found that her father's clothes line had slipped off the pulley on the pole and asked the plaintiff to put it back. The plaintiff

assented and climbed to the top of the pole, using pins driven into the pole on alternate sides to enable some one to climb to the top.    When he had climbed to the top and had reached out for the clothes line, but before he had pulled on it, the pole broke at or near the surface of the ground and he was thrown to the earth.    There was evidence " that the pole was badly decayed and had been so decayed for a considerable period of time prior to the accident."

The plaintiff had a verdict and the case is here on exceptions taken by the defendant.

In support of his exceptions the defendant has contended that the jury were not warranted in finding that the defendant invited the plaintiff to climb the pole and that certain evidence which the plaintiff was allowed to put in should not have been admitted.

It is not pretended that the poles were not erected and maintained by the defendant for the clothes lines of his tenants.    Nor is it pretended that the poles equipped with the iron pins were not to be climbed by somebody, to attach or readjust a tenant's clothes line.    The defendant's sole contention here is that he did not invite the plaintiff to do the climbing which had to be done to readjust the clothes line in question.    No distinction was made in argument here between the tenant's doing the climbing himself and hiring some one (in the case at bar, the plaintiff) to climb for him.

To begin with, the defendant did not lease a clothes line as part of the tenement let to Mosse.    What the defendant let and Mosse hired was a tenement arranged for the use of a clothes line in the manner described.    In case of the lease of such a tenement (in the absence of some agreement dealing with the matter), the landlord is under no duty to furnish a clothes line to the tenant nor to put up one furnished by him.    It is for the tenant to furnish and rig his own line.    It follows (in the absence of an agreement) that the tenant is invited by the defendant to climb the pole erected for the common use of the tenements opposite to it, to rig his clothes line and, if necessary, to re-rig it.

The case (so far as the question now under consideration is concerned) resolves itself into the question whether the jury as matter of law were bound to find that there was an agreement

by the defendant which negatived the invitation which would have existed but for that agreement. That question will be readily answered after a consideration of the evidence which the defendant contends should not have been admitted.

There was no evidence that an agreement was made at any time dealing expressly with clothes lines or climbing the pole. Mosse testified that he hired his tenement of La Rock, the defendant's janitor, who occupied one of the eight tenements, and that nothing was said then as to his going to the defendant or his agents "if anything was needed." There was no other evidence on that point. Mosse also testified that he had a talk with the defendant's janitor or agent (he did not remember which) after he went into possession, and was told that the janitor " was to do the repairing " and that this referred to " looking after the windows — for any little break in the windows — something like that. . . . He said repairs, he didn't say what. . . . That is the word he said, repairs — when we needed anything done to ask La Rock to do it." The plaintiff then was allowed to ask Mosse whether La Rock at any time so far as he knew did anything in the way of adjusting any tenant's clothes line, or putting up any tenant's clothes line. Mosse testified that he never had seen him do either.

This is one of the pieces of evidence which the defendant contends should not have been admitted. We are of opinion that it was admitted rightly. The fact that rigging and readjusting clothes lines for the tenants were not included in this loosely stated subsequent agreement by which the janitor of the building was to be called upon for repairs of the building hardly could be proved better than by showing what had been done under it.

Before this evidence was admitted the plaintiff was allowed to prove that Mosse furnished and put up his own clothes lines when he first moved into his tenement. That fact tended to prove that the tenement in question, when let to Mosse, was not equipped by the landlord with a clothes line. The evidence was plainly competent.

From what was stated it is apparent that the jury were not bound as matter of law to find that there was an agreement negativing the invitation which, but for that agreement, was

given by the defendant to climb, or hire some one to climb, the pole here in question in order to re-rig the clothes line.

*Exceptions overruled.*

The case was submitted on briefs.

*C. G. Gardner & R. W. Stoddard,* for the defendant.

*T. J. O'Connor, J. B. Carroll, & W. H. McClintock,* for the plaintiff.