DIER, APPELLANT, *v.* MUELLER, RESPONDENT.

(No. 3,729.)

(Submitted January 26, 1917.   Decided February 19, 1917.)

[163 Pac. 466.]

*Personal Injuries—Landlord and Tenant—Failure to Repair—Liability of Landlord—Statutes.*

> 1.  Sections 5226 and 5227, Revised Codes, providing that a lessor of a building intended for human occupation must put it in condition therefor, and repair subsequent dilapidations, and if, after reasonable notice, he neglects to do so, the lessee may repair and deduct the expenses from rent, or vacate without liability for rent, gives no right of action for personal injuries to a tenant caused by failure to repair.
>
> [As to liability of landlord for injuries resulting from the condition of the premises after execution of the lease, see note in 17 Am. Rep. 127.]

Authorities passing on the question of liability of landlord for injury to tenant from defects in premises are collected in notes in 34 L. R. A. 824; 11 L. R. A. (n. s.) 504; 34 L. R. A. (n. s.) 798; 48 L. R. A. (n. s.) 917.

*Appeal from District Court, Silver Bow County; J. B. McClernan, Judge.*

ACTION by Antonia Dier against W. H. Mueller.   Judgment for defendant and plaintiff appeals.   Affirmed.

*Messrs. William* and *Harry Meyer,* for Appellant, submitted a brief; the former argued the cause orally.

Upon this appeal there is but one question involved, namely: What is the liability of a landlord to a tenant, or a member of the family of a tenant, where said tenant, or a member of his family, is injured as a result of the defective condition of the premises leased?   The better reasoned cases, and the ones more in accord with law and justice, hold that in an action such as this, the landlord is liable for the amount of damages actually sustained by the tenant or family of tenant, irrespective of what the costs of repairs would be or the rental value of the premises. Those states which hold that the latter is not the true rule of

law proceed upon the theory that damages for injuries are too speculative and remote to have been within the contemplation of the parties at the time the contract of hiring was made; therefore the tenant should not be permitted to recover such damages where injuries are sustained by reason of a defect in the condition of the premises. We believe the better rule to be as stated above. (See *Lowe* v. *O'Brien,* 77 Wash. 677, 138 Pac. 295; *Mesher* v. *Osborne,* 75 Wash. 439, 48 L. R. A. (n. s.) 917, 134 Pac. 1092; *Barron* v. *Liedloff,* 95 Minn. 474, 104 N. W. 289; *Stillwell's Admr.* v. *South Louisville Land Co.,* 22 Ky. Law Rep. 785, 52 L. R. A. 325, 58 S. W. 696; *Graff* v. *Wm. J. Lemp Brewing Co.,* 145 Mo. App. 364, 129 S. W. 1005; *Nutter* v. *Colyer,* 180 Mich. 107, 146 N. W. 643; *Glynn* v. *Lyceum Theater Co.,* 87 Conn. 237, 87 Atl. 796.)

*Messrs. Walker & Walker,* for Respondent, submitted a brief; *Mr. Thomas J. Walker* argued the cause orally.

Under sections 5226 and 5227, Revised Codes, in a case such as the one at bar, no action for damages because of the defective condition of the premises can be maintained, but tenants must advantage themselves of the rights and remedies set forth in such statutes. While this court does not seem to have construed the liability of landlords in cases of this character, the California courts have on numerous occasions decided that the duties and obligations of a landlord are limited by the extent of the privilege conferred upon the tenant, *i. e.,* it is the duty of the landlord to repair upon notice, and if he does not perform this duty, he is to be compelled to pay by deducting from the rent to the extent of a month's rental or at the option of the tenant the term to be concluded without redress to the landlord. (*Van Every* v. *Ogg,* 59 Cal. 563; *Sieber* v. *Blanc,* 76 Cal. 173, 18 Pac. 260; *Willson* v. *Treadwell,* 81 Cal. 58, 22 Pac. 304; *Tatum* v. *Thompson,* 86 Cal. 203, 24 Pac. 1009; *Green* v. *Redding,* 92 Cal. 548, 28 Pac. 599; *Daley* v. *Quick,* 99 Cal. 179, 33 Pac. 859.) A note somewhat in point on this question and which is favorable

to the contention of the defendant can be found in Ann. Cas. 1912B, page 353. We further call the court's attention to the principle that contributory negligence defeats recovery when apparent on the face of the complaint. (*Kampinsky* v. *Hallo*, 3 Misc. Rep. 623, 23 N. Y. Supp. 114, and note, Ann. Cas. 1913C, p. 975.)

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

This is an appeal from a final judgment in favor of defendant rendered after an order sustaining his demurrer to plaintiff's complaint. The averments of the complaint may be epitomized as follows:

The plaintiff and her husband were tenants of the defendant, occupying the property at No. 623 South Idaho Street, in Butte. These premises consist of a one-story brick dwelling-house of four rooms with a porch, and the lot upon which it is situated. The porch is about two feet above the ground, and was used by the plaintiff and other members of the family as occasion or necessity required. The tenancy was from month to month. During its continuance the porch fell into disrepair, in that one of the boards in the floor became weak and insufficient in strength to hold the weight of a person who chanced to step on it. The defendant was notified of the condition and promised to cause the necessary repairs to be made more than a month prior to plaintiff's injury. Notwithstanding his promise, defendant failed and neglected to cause the repairs to be made. On July 22, 1914, the plaintiff stepped on the defective board which, because of its weakened condition, gave way under her weight, whereby she was thrown to the floor, sustaining a fracture of her right leg and other injuries which she believes to be permanent. She seeks to recover $5,000 as general damages, and $300 for expense incurred for medical treatment.

The demurrer presents the single question whether the complaint states a cause of action. The solution of this inquiry depends upon the proper interpretation of sections 5226

and 5227 of the Revised Codes. In *Van Every* v. *Ogg,* 59 Cal. 563, the supreme court had occasion to determine the purpose and scope of sections 1941 and 1942 of the Civil Code of California, which are identical with our own *supra.* In that case the contention was made that section 1941 (Rev. Codes, sec. 5226) by operation of law inserts in every lease a covenant to repair. In disposing of the contention the court said: ''But bearing in mind that at the common law no such covenant was implied, and reading the two sections together, the intent seems clear that the obligation of the landlord should be limited by the extent of the privilege conferred upon the tenant: that it is the duty of the landlord to repair upon notice, and if he does not perform his duty he is to be compelled to pay, by deduction from the rent, to the extent of a month's rental—or, at the option of the tenant, the term be concluded without redress to the landlord.'' Following this decision down to the date the provisions were incorporated in our own Codes, the California court consistently adhered to this construction of them. In *Bush* v. *Baker,* 51 Mont. 326, 152 Pac. 750, referring to these provisions, this court said: ''These sections, as we are told in the report of the Code Commission, were taken from California, and investigation discloses that they came to us with a construction upon them which leaves no room for doubt. (*Van Every* v. *Ogg,* 59 Cal. 563; *Sieber* v. *Blanc,* 76 Cal. 173, 18 Pac. 260; *Callahan* v. *Loughran,* 102 Cal. 476, 36 Pac. 835.) This construction is to the effect that, if the landlord fails to repair after notice, the tenant may himself repair, within a certain limit, or move out; but he has no redress in damages for injury to person or property consequent upon the landlord's failure to repair. Whether this construction be right or not, it was presumably adopted with the sections themselves, it constitutes a rule of property, and the courts of this state are without authority to alter it.'' This decision is determinative of this case.

The judgment is affirmed.

*Affirmed.*

MR. JUSTICE SANNER and MR. JUSTICE HOLLOWAY concur.