LAKE, RESPONDENT *v.* EMIGH, APPELLANT.

No. 8584

Submitted December 12, 1945. Decided January 5, 1946.

Rehearing Denied April 18, 1946.

167 Pac. (2d) 575

Mr. J. F. Emigh and Mr. Harlow Pease, both of Butte, for appellant.

Mr. M. J. Doepker, of Butte, Mr. Joseph P. Hennessy, of Billings, and Mr. D. Wilbur Zundel of Butte, for respondent.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

This is an action for personal injuries.

The complaint charges that plaintiff was a tenant of Eli Virta on November 25, 1935, and as such had the common use along with other tenants of Virta, occupying separate buildings, of a mechanical device and apparatus for hanging clothes to dry; that the apparatus consisted of a clothesline running over pulleys fastened between the buildings and outbuildings of the premises leased to her and the other tenants; that as a part of the apparatus Virta provided a ladder with steps and a small platform at the top thereof for placing baskets of clothes and another platform on which the tenants might stand while hanging out clothes; that the ladder was attached to one of the outbuildings; that on the 25th day of November, 1935, plaintiff ascended the ladder with a basket of clothes which she placed on the platform and proceeded to hang the clothes in the manner intended; that while so doing the line broke and she fell to the ground, a distance of seven or eight feet, causing the injuries complained of.

The negligence of defendant is alleged to have been as follows: That Virta and his agents and employees negligently suffered and permitted the clothesline to become weak and rotten and the ladder to become loose from its fastenings against the outbuildings so that it became unsteady; that they failed to make reasonable inspection of the apparatus and to keep it in reasonably safe condition for its intended use; that Virta and his agents and employees knew or in the exercise of reasonable care should have known of the condition of the clothesline and ladder for several weeks before November 25, 1935, and in sufficient time to make the apparatus safe and secure; that Virta died on February 27, 1942, and that defendant is the administrator of his estate.

The answer admits that Virta was the owner of the property in question on November 25, 1935, and that plaintiff fell while hanging out clothes. It denies the other allegations of the complaint and alleges affirmatively that if the clothesline was rotten and defective and if the ladder was loosened and unsteady, these facts were apparent to plaintiff and that she, without due care for her own safety, used the ladder and clothesline and carelessly leaned and rested her weight upon the clothesline causing it to break and throw her off balance and causing her to fall to the ground and that her own negligence contributed as the proximate cause of her injuries. The reply admits that the clothesline was not designed to support the weight of a human being and denies the other allegations of affirmative matter in the answer.

The evidence introduced by plaintiff on the vital issues of the manner in which she was injured consisted of the testimony of herself and her husband. Plaintiff's husband was asked this question: ''Q. Now then, Mr. Lake, when did you have occasion to observe the ladder and platform before the 25th day of November 1935?'' He answered: ''A. During the summer once, my wife went to town and it started to rain and she had her clothes on the line so I went out to take them in and when I took the clothes away from the line, I started coming and I almost fell from the shaking of the platform.''

With reference to the clothesline he said that one of the other tenants in his presence told Mrs. Syren, who was looking after the property of Mr. Virta as his agent, that ''this line is very poor,'' you ''should get a new clothes line,'' and that Mrs. Syren replied that she would not do so because somebody would steal it.

He said he saw his wife fall. His testimony in that respect was that he saw the clothesline give away, and then ''I looked to the platform and I seen the platform and the ladders shaking and my wife fell to the board walk.'' He said she was standing upon the eight inch platform above the ladder when it was shaking. He said the line broke close to the telephone pole. After the accident he examined the ladder and platform. In

this connection his testimony was: ''I went out and looked at the platform, and what I noticed then it was very worn, and the toenail from the bottom of one of the ladders was loose and worn, and the ladder and the platform, they were worn too, and the clothes line was very poor.''

He said the nail holes on the ladder were worn so that ''they were almost loose and one toe-nail to the board walk was loose entirely and it was weather-worn so that it was real rotten, the wood.'' He said that if you took hold of the ladder and platform, you could shake it. He also testified that the clothesline was worn and that it was ''spliced in two places and very rotten.''

Asked why he didn't advise his wife of the defects which he discovered before the accident, he said he intended to but forgot all about it.

Plaintiff explained her method of hanging out clothes as follows: ''I had to take hold of the clothesline with one hand and push with the other and I had to be careful because the platform was so narrow.''

She said the clothesline was old and worn; that after she got to the top of the ladder on the 25th of November 1935, she took clothes from the basket and ''with my other hand I took hold of the clothes line and started pinning clothes to the line and pushing it forward.'' She said she believed the clothesline would hold the clothes that she was hanging at the time. She testified that ''The line broke and the ladder began to shake and I fell. * * * I was pushing the line ahead when it broke,— holding on to it.''

She said there was nothing for her to hold on to after the clothesline broke, ''just that platform where I was standing.''

She testified that the ladder never shook with her on previous occasions though she used it every week. But she said the ladder was old and there was no place to hold on and she was afraid of it every time she used it. She also said that she knew for two months before the accident that the clothesline was old and

worn but thought since the other tenants were using it that she was as safe as they were.

Mrs. Branson, another tenant of Mr. Virta, also used the clothesline and ladder and she said anyone using the ladder could see that it was old and worn. She learned it was shaky by using it.

Mrs. Kauhanen, mother of Mrs. Branson also testified that the ladder was shaky and that there was nothing to hold on to.

At the conclusion of plaintiff's evidence defendant made a motion for nonsuit, which was denied. Defendant declined to introduce any evidence. The jury returned a verdict for plaintiff. Judgment was entered on the verdict. Defendant's motion for new trial was denied and he appealed from the judgment.

The principal question urged by defendant is that the court erred in denying his motion for nonsuit and in submitting the case to the jury. It is his contention that the evidence shows as a matter of law that plaintiff's injuries were due to her own contributory negligence.

The rule is well established that where the owner of premises leases parts thereof to different tenants, reserving other parts for the common use of the different tenants, it is his duty to use reasonable care to keep the parts reserved for common use reasonably safe. 32 Am. Jur., "Landlord and Tenant," sec. 688; 2 Restatement, Torts, sec. 360.

This rule includes appliances for hanging clothes when used in common by the several tenants. Tracey v. Page, 201 Mass. 62, 87 N. E. 491; Sizse v. Wegmann, 169 App. Div. 112, 154 N. Y. S. 825; Hanselman v. Broad, 113 App. Div. 447, 99 N. Y. S. 404, 36 C. J. 217, note 23.

Mere knowledge that an instrumentality is defective is not sufficient to constitute contributory negligence on the part of one using it but in addition the person so using it must have appreciated or must have had the opportunity to appreciate danger from its use before contributory negligence will bar recovery. Farnum v. Montana-Dakota Power Co., 99 Mont. 217, 43 Pac. (2d) 640; Richmond v. Standard Elkhorn Coal Com-

pany, 222 Ky. 150, 200 S. W. 359, 58 A. L. R. 1423; Finch v. Willmott, 107 Cal. App. 662, 290 Pac. 660.

Applying the principles stated above to the facts here, we ██ must hold that so far as the use of the clothesline was concerned plaintiff was not guilty of contributory negligence as a matter of law simply because she knew the line was old and worn. · She had no means of knowing the extent of its decay or that it was not of sufficient strength to withstand ordinary use for the purpose intended. However, as to the ladder a different conclusion follows. It should be noted that the ladder did not collapse but its only alleged contribution to plaintiff's injury was due to the fact that it shook. Plaintiff's husband so far as the record discloses used the ladder but once and he observed its shaky condition. Others who used it testified in substance that its shaky condition was readily apparent to those who used it. We think it must be held as matter of law that plaintiff knew or in the exercise of reasonable care for her own safety should have known of the shaky condition of the ladder before using it. She must be held to have appreciated the danger from its shaky condition so far as that condition contributed to her fall. She was thus guilty of contributory negligence in using the ladder in its shaky condition or she assumed the risk incident to its use.

While ordinarily assumption of risk is a doctrine applicable ██ to the relationship of master and servant, it is well settled that it may exist independently of that relationship. 38 Am. Jur., Negligence, sec. 171. And too, assumption of risk is not here pleaded as a defense but that is unnecessary when plaintiff's own evidence presents a case showing this single inference. Stevens v. Henningsen Produce Co., 53 Mont. 306, 163 Pac. 470; Molt v. Northern Pac. R. Co., 44 Mont. 471, 120 Pac. 809.

Since the pleadings and the evidence predicate negligence on ██ the part of defendant in two respects, viz., in furnishing a defective ladder and a defective clothesline, as the proximate cause of plaintiff's injuries and since the case was tried and

332

the jury instructed on that theory, and since plaintiff cannot count on defects in the ladder because she fully appreciated the danger arising from its shaky condition, the verdict and judgment in her favor cannot stand.

The record is not clear as to what was the proximate cause of plaintiff's injuries, whether the breaking of the clothesline or the shaking of the ladder. Whether the jury would have found for plaintiff were it confined to the consideration of negligence with respect to the clothesline alone, we are unable to determine. We think, under the circumstances here shown, the cause should be remanded for a new trial, at which the defective condition of the ladder should be eliminated because, as above pointed out, plaintiff cannot take advantage of failure in that regard because she knew or was chargeable with knowledge of its condition and any injury flowing from its shaking is chargeable to her own negligence and the risk of injury therefrom was assumed by her.

Defendant contends that because of sections 7741 and 7742, Revised Codes, as interpreted in Bush v. Baker, 51 Mont. 326, 152 Pac. 750; Dier v. Mueller, 53 Mont. 288, 163 Pac. 466; and Noe v. Cameron, 62 Mont. 527, 205 Pac. 256, plaintiff cannot recover on any theory because she should have repaired the defects or surrendered the premises. These sections have application only to dilapidations which render the leased premises unfit for habitation. In other words the obligation of the landlord under section 7741 is limited to the extent of the privilege conferred upon the tenant by section 7742. Callahan v. Loughran, 102 Cal. 476, 36 Pac. 835, and cases therein cited. Conversely, the rights conferred upon the tenant by section 7742 are limited to the extent of the obligations imposed upon the landlord by section 7741 which relate only to dilapidations rendering the premises untenantable and would not reach the defects in either the ladder or the clothesline.

The judgment is reversed and the cause remanded for a new trial.

Mr. Chief Justice Johnson and Associate Justices Morris, Adair and Cheadle concur.

Rehearing denied April 18, 1946.