ADA CASSADAY, Plaintiff and Appellant, *v.* CITY OF
BILLINGS, a Municipal Corporation, Defendant and Respondent.

No. 9800.
Submitted April 16, 1959. Decided June 18, 1959.
340 Pac. (2d) 509.

Joseph P. Hennessey, Billings, for appellant.

Coleman, Lamey & Crowley, James F. Battin, Billings, for respondent. Cale J. Crowley argued orally.

MR. JUSTICE CASTLES:

This is an appeal from a judgment of nonsuit. The matter was submitted to the trial court on an agreed statement of

facts which consisted of the appellant's testimony, and it was stipulated that the appellant would corroborate the testimony with other evidence. The stipulations then provided for sub-mission to the court of the respondent's motion for nonsuit, and if the motion was granted that judgment would be entered with the same force and effect as if the case had been actually tried.

The facts are these: The appellant was 36 years old, married and had three children. She lived in Billings since 1945 and had used the City of Billings Municipal Park ice skating rink, maintained, conducted and operated by the respondent City without charge for skating, since 1945 each skating season until 1956. On January 8, 1956, appellant, accompanied by her family, went to the rink between 11:30 a. m. and noon on a bright clear day. She had her skates on when she arrived. They were figure skates with the front end of the blade curled up and notched like saw teeth. She entered the rink at one corner.

Before she started to skate, she observed the ice and it appeared rough. As soon as she started to skate, she knew the ice was rough, and it had pits in it, consisting of small depressions with a little ridge around the edge. As she and her husband skated over the ice, they noticed the roughness and pits, and skated to the far end to see if the entire rink was rough; it was, so as she testified when they found the entire surface rough they figured they might as well skate all over it. They went around the rink about three times, and in between five and ten minutes after starting, and while she and her husband had their four year old child *suspended* between them, she fell suffering the injuries complained of.

There were no holes in the ice, it was simply a situation where the entire surface of the ice had frozen in the pitted manner; a condition the appellant observed and tested. The appellant was not exactly sure what caused her fall but thinks that her skate must have hit one of the pits. She did not know whether the saw teeth on the front of her skate caught

in the ice or not; it simply stopped. At the time she had the weight of her four year old child suspended between herself and her husband, in addition to her own weight.

. All of these facts are the appellant's own story. The district court granted the motion for nonsuit, relating in a memorandum that the appellant, as a matter of law under such circumstances, assumed the risk of falling on the ice, and was guilty of contributory negligence.

As to the latter charge, we recognize that there is a distinction between the two defenses and in a given case the distinction might be important. But, in the instant case it appears to us that both defenses are apparent as a matter of law. Skating on observed and tested rough ice with sawteeth edge skates certainly is a risk, and then attempting to carry, suspended between two skaters, a four year old child would be contributory negligence under the circumstances. We can see no reason to attempt to distinguish on the record before us, between the two defenses.

Further, whether the assumption of risk doctrine extends to cases other than master-servant situations need not be considered, because, if the judgment must be sustained under either version, the evidence being viewed from a standpoint most favorable to plaintiff with every fact deemed proven which the evidence tends to prove, we must affirm the judgment. This court has in the past held that the defense of assumption of risk extends to relationships independent of the master-servant relationship. Lake v. Emigh, 118 Mont. 325, 331, 167 Pac. (2d) 575; Id., 121 Mont. 87, 190 Pac. (2d) 550; Osterholm v. Boston & Montana Consol. Copper & Silver Mining Co., 40 Mont. 508, 524, 107 Pac. 499.

The respondent concedes that the operation of the ice rink is a proprietary function. Whether (and see Felton v. City of Great Falls, 118 Mont. 586, 169 Pac. (2d) 229) the appellant was a licensee or an invitee need not be discussed nor do we make any holding as to the matter where, as here, no charge

is made for admission. We shall consider the matter in the light most favorable to the appellant in a nonsuit situation.

And, as the district court did, we shall consider that the plaintiff was an invitee in the use of the premises and not a mere licensee.

We find no Montana cases directly in point regarding skating rinks. Counsel on oral argument urged this court to rule on whether the plaintiff was an invitee or a licensee, but it is not necessary to the decision of this case. However, with the assumptions we have heretofore made, certain principles apply.

Actionable negligence arises only from a breach of a legal duty. Jonosky v. Northern Pacific Ry. Co., 57 Mont. 63, 72, 187 Pac. 1014.

It is well-established in Montana that a landowner is obligated toward an invitee to either use ordinary care to have the premises reasonably safe, or to warn the invitee "of any hidden or lurking danger therein." Milasevich v. Fox Western Montana Theatre Corp., 118 Mont. 265, 270, 165 Pac. (2d) 195, 197, and see Restatement, Torts, Negligence, sec. 343. He is not an insurer against all accidents and injuries to such persons while there. Milasevich v. Fox Wesern Montana Theatre Corp., supra.

There was no hidden or lurking danger under the circumstances herein requiring a warning. The plaintiff saw and tested the ice. The condition was open, visible and obvious. In the face of this knowledge, beside skating, she saw fit to carry a four year old child suspended between herself and her husband. We fail to see where the respondent breached any legal duty owed the plaintiff. On this ground alone, the district court was correct in granting the nonsuit.

In addition, although this disposes of the appeal, clearly the defense of contributory negligence appears as a matter of law. The plaintiff knew or in the exercise of reasonable care for her own safety, should have known of the danger in skating on the ice as she did. It was the condition of the ice or the

failure to warn of its condition that was charged as the negligent act which was alleged as the proximate cause of the injury.

We have read the many cases cited by counsel for appellant from other jurisdictions involving skating rinks. Of all the cases read, we note that the only cases which have imposed liability are cases where there was a hidden, lurking, structural defect, or where the defendant permitted rowdy, rambunctious, dangerous use by patrons or employees which were the proximate cause of the injuries. We have been unable to find any case, nor was one cited, which allowed recovery in the circumstances herein set forth.

For the foregoing reasons, the judgment is affirmed.

MR. CHIEF JUSTICE HARRISON and MR. JUSTICES ADAIR and ANGSTMAN, concur.

MR. JUSTICE BOTTOMLY concurs in the result only of the foregoing opinion.