No. 80-198

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

CARMEN CORRIGAN, INDIVIDUALLY AND
AS PERSONAL REPRESENTATIVE OF THE
ESTATE OF MAX MORRIS CORRIGAN,
DECEASED,

Plaintiff and Appellant,

vs.

W. P. JANNEY and KAY JANNEY, His
wife, and JANNEY TRUCKING CO., a
Montana Corporation,

Defendants and Respondents.

Appeal from: District Court of the Third Judicial District,
In and for the County of Powell.
Honorable Robert Boyd, Judge presiding.

Counsel of Record:

For Appellant:

Knight, Dahood, McLean and Everett, Anaconda, Montana
David M. McLean argued, Anaconda, Montana

For Respondents:

Poore, Roth, Robischon and Robinson, Butte, Montana
James A. Poore, Jr., argued, Butte, Montana

Submitted: January 12, 1981

Decided: APR 10 1981

Filed: APR 10 1981

Thomas J. Kearney
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Plaintiff Carmen Corrigan, as personal representative, filed this action in the District Court to recover damages for wrongful death and survival. Defendants, W. P. Janney and Kay Janney, answered by denying the allegations of the complaint, alleging three defenses: (1) failure to state facts sufficient to constitute a claim for relief; (2) assumption of risk; and (3) contributory negligence. A motion for summary judgment was filed on behalf of the Janneys.

Defendants' motion for summary judgment was based on the theory that no valid claim for relief was stated in the complaint based upon previous interpretations of a Montana statute by the Supreme Court of Montana. Sections 42-201 and 42-202, R.C.M. 1947; Dier v. Mueller (1917), 53 Mont. 288, 163 P. 466. The District Court granted the motion for summary judgment on this contention because ". . . the Court believes it has no alternative but to follow the mandates of the Supreme Court in this regard . . ." The present appeal is based upon this portion of the order granting the motion for summary judgment.

The issue presented for review is simply: Was the granting of the motion for summary judgment filed by defendants Janney proper? More specifically, should this Court reverse its longstanding rule on the doctrine of "deduct and repair" and thereby allow an action for damages for personal injuries sustained by a tenant against the landlord?

Janney Trucking Company was the owner of a rental house located at Janneyville, about four miles west of

-2-

Garrison, Montana. During 1973 the house was rented to Max Morris Corrigan and his wife, Carmen Corrigan, by Kay Janney on behalf of Janney Trucking Company.

The Corrigans alleged they received electrical shocks when they touched a portion of the plumbing system from the day they occupied the premises. Numerous guests in the house also received electrical shocks from touching portions of the plumbing system. Appellant contends she and her husband requested the Janneys to inspect the electrical system and to have it repaired, but the Janneys did nothing.

A tenant who occupied the same house prior to the Corrigans also repeatedly reported electrical shocks from the plumbing system to the Janneys. When they refused to make the necessary repairs, this tenant moved out.

On February 2, 1974, while the Corrigans were taking a bath, appellant contends that Max Corrigan came in contact with the faucet on the bathtub and received an electrical shock which ultimately caused his death.

The house was later inspected by Earl D. Roberts, a State of Montana electrical inspector. The house was condemned until such time as it was wired safely. Roberts noted that if the electrical system had been properly grounded and banded to the plumbing system, the circuit breaker would have opened.

Wayland Smith, a master electrician, testified that if the house had been properly grounded, the circuit breaker should have tripped and the accident would have been avoided.

Previously this Court has maintained that there is no implied warranty of habitability in residential leases; that

a tenant chooses either to repair the defect by deducting one month's rent or to vacate the premises if the defect continues. Landt v. Schneider (1904, 31 Mont. 15, 77 P. 307; Busch v. Baker (1915), 51 Mont. 326, 152 P. 750. Further, this Court has denied recovery against the landlord for personal injury to a tenant, holding that the "repair and deduct" statute is the exclusive remedy. Dier v. Mueller (1917), 53 Mont. 288, 163 P. 466.

In 1977 the legislature enacted the Residential Landlord and Tenant Act. Sections 70-24-101 through 70-24-442, MCA. This Act adopts the doctrine of implied warranty of habitability which allows recovery of damages in cases involving injury to tenants from dangerous latent defects in residential rental property. However, the provisions of the Act cannot be made retroactive to apply to cases prior to 1977. See Chap. 313, Section 47, Laws of Mont. (1977). Therefore, we must look to the case law of this State prior to the enactment.

In Dier v. Mueller, supra, this Court applied the "repair and deduct" statute to a claim by a tenant against the landlord for personal injuries. In Dier, the trial court, in granting summary judgment, noted that it was bound by Busch v. Baker (1915), 51 Mont. 326, 152 P. 750. Quoting from Busch, we stated:

> "'. . . This construction is to the effect that, if the landlord fails to repair, after notice, the tenant may himself repair, within a certain limit, or move out; but he has no redress in damages for injury to person or property consequent upon the landlord's failure to repair. . .'" Dier, 163 P. at 467. (Emphasis added.)

It should be noted that the statement with regard to the absence of redress for injury was dictum in Busch.

Busch involved a suit for unlawful detainer of the premises, not personal injury. In Dier this Court failed to distinguish between a claim for personal injury and damages to a leasehold interest. We now find that the Court erred, and we overrule the holding as not being applicable to cases involving tenant suits for personal injuries against a landlord. It is unnecessary to overrule our holding in Lowe v. Root (1975) 166 Mont. 150, 531 P.2d 674, because Lowe involved a contract action arising out of damages to the leasehold interest and, further, because we are not deciding this case on breach of implied warranty of habitability.

We need not here trace the historical developments of the repair and deduct doctrine or the doctrine of caveat emptor as applied to tenants of rental residences. Courts in other jurisdictions have adequately traced those developments. See Mease v. Fox (Iowa 1972), 200 N.W.2d 791; Green v. Superior Ct. of City & Cty. of San Francisco (1974), 111 Cal.Rptr. 704, 517 P.2d 1168. The same conclusions reached by these courts are applicable here: today's urban tenants are interested, not in the land, but in a house suitable for human occupation. The residential tenant rents a place to live. The common-law doctrine of caveat emptor does not apply in these contemporary settings.

Art. II, §16, 1972 Mont. Const., provides:

"The administration of justice. Courts of justice shall be open to every person, and speedy remedy afforded for every injury of person, property, or character . . ."

It would be patently unconstitutional to deny a tenant all causes of action for personal injuries or wrongful death arising out of the alleged negligent management of rental premises by a landlord. If this action

were to be taken away, a substitute remedy would have to be provided. Arguably, the repair and deduct statute provides an alternative remedy for damage to the leasehold interest. However, in no way can it be considered an alternative remedy for damages caused by personal injury or wrongful death.

In view of our holding that a cause of action for personal injuries and wrongful death can be maintained here, we must determine the standard of care owed under the circumstances. A general obligation statute was in effect in Montana when this accident occurred. Section 58-607, R.C.M. 1947, provided:

> "Every one is responsible, not only for the result of his willful acts, but also for an injury occasioned to another by his want of ordinary care or skill in the management of his property or person, except so far as the latter has, willfully or by want of ordinary care, brought the injury upon himself. The extent of liability in such cases is defined by the title on compensatory relief."

In Brennan v. Cockrell Investments, Inc., (1973), 111 Cal.Rptr. 122, 35 Cal.App.3d 796, the California appeals court had an opportunity to determine the application of an identical statute to a landlord/tenant relationship. In Brennan an action was brought by a tenant seeking to recover damages for personal injuries suffered when he fell off the back stairs of a house. The plaintiff sought an instruction stating that the owner of the premises is under a duty to exercise ordinary care in the management of the premises to avoid exposing persons thereon to an unreasonable risk of harm. This instruction was refused. Instead, the trial court instructed that ordinarily the owner of premises leased to a tenant is not liable for any injury to the

-6-

tenant that results from a dangerous condition which existed when the tenant took possession. The California appeals court reversed the decision of the trial court and, in doing so, stated:

> "California departed from the traditional rules governing the liability of the owners and occupiers of land in the case of Rowland v. Christian, 69 Cal.2d 108, 70 Cal.Rptr. 97, 443 P.2d 561, when the court held that section 1714 of the Civil Code controlled the liability of tenants for injuries to their social guests. That statute provides as follows: 'Everyone is responsible, not only for the result of his willful acts, but also for an injury occasioned to another by his want of ordinary care or skill in the management of his property or person, except so far as the latter has, willfully or by want of ordinary care, brought the injury upon himself . . .' . . .
>
> "The Rowland court decided that no public policy required that an exception be carved out of the statute for tenants in possession when they were sued by their guests. The question in the case under review is whether one should be made for landlords not in possession when they are sued by their tenants.
>
> ". . .
>
> ". . . That a landlord must act toward his tenant as a reasonable person under all of the circumstances, including the likelihood of injury, the probable seriousness of such injury, the burden of reducing or avoiding the risk, and his degree of control over the risk-creating defect, seems a sound proposition and one that expresses well the principles of justice and reasonableness upon which the law of torts is based. It is no part of fairness and rationality to transform possession and control from mere factors bearing on negligence into barriers to consideration of that issue. (See 2 Harper and James, The Law of Torts, § 27.16 at p. 1509 (1971).) As the court said in Rowland, '[T]o focus upon the status of the injured party, . . . in order to determine the question whether the landowner has a duty of care, is contrary to our modern social mores and humanitarian values.' (Ibid, at p. 118, 70 Cal.Rptr. at p. 104, 443 P.2d at p. 568).
>
> ". . .

". . . The direction the law is now taking clearly is toward '"'imposing on owners and occupiers a single duty of reasonable care in all the circumstances.'"' . . . " Brennan, 111 Cal.Rptr. at 124-126.

Brennan was later followed in Golden v. Conway (1976), 128 Cal.Rptr. 69, 55 Cal.App.3d 948.

We hold that the duty of care stated in section 58-607, R.C.M. 1947, is controlling. The owner of premises is under a duty to exercise ordinary care in the management of the premises to avoid exposing persons thereon to an unreasonable risk of harm.

In summary, we overrule Dier v. Mueller, supra, and hold that our Constitution requires that plaintiff have a form of redress for wrongful death and survival damages. We hold that section 58-607, R.C.M. 1947, is controlling and that one is responsible for injury occasioned to another by his want of ordinary care subject to the defenses of contributory negligence or assumption of risk.

This case is remanded for trial under the legal principles enunciated herein.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

Justices