MR. JUSTICE MORRISON
concurring:
Uconcur in the result, but not in all that is said therein. Specifically, this Court has begun to depart from “status” in *414 determining the degree of care owed by a property owner. See Corrigan v. Janney (1981), Mont., 626 P.2d 838, 38 St.Rep. 545. The plaintiff, Mrs. Cereck, need not enjoy the status of invitee in order to recover. A general duty of due care is owed.
The majority opinion confines property owner liability for natural accumulations of ice and snow to those situations where the property owner has increased or changed the hazard through some affirmative act. I would adopt Section 343A. (1) Restatement (Second) of Torts (1965) which provides as follows:
“A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.”
Admittedly, the restatement rule is applicable to invitees. However, though I would not recognize status in “land possessor’s liability”, I feel the rule to be applicable to facts such as those at bar.
In my opinion, the restrictive ratio decidendi of this case is inadequate to meet situations such as failure to plow. If the parking lot in question had not been maintained in any fashion, and snow were allowed to accumulate so that customers were required to wade through knee deep snow, no duty would be owed by the possessor under the rule adopted by the majority. Those who do nothing incur no liability. Those who plow their parking lots are exposed.
I believe such a restrictive duty does not adequately recognize the responsibilities owed by the business community, does not adequately protect a public dependent upon the services provided by that community, and does not promote sound public policy.
For the foregoing reasons, I concur in the result but would adopt different legal principles to sustain the same outcome.