[Civ. No. 13037. Fourth Dist., Div. Two. Dec. 6, 1973.]

WILLIAM M. BRENNAN, Plaintiff and Appellant, v.
COCKRELL INVESTMENTS, INC., Defendant and Respondent.

**COUNSEL**

Edward M. Daley and Francis Robert Bergmann for Plaintiff and Appellant.

Ives, Kirwan & Dibble and John Brevidoro for Defendant and Respondent.

## Opinion

**KERRIGAN, Acting P. J.**—This is an action to recover damages for personal injuries sustained by a tenant who fell off the back stairs of a house he rented from the owner when the handrail broke. The tenant appeals from a judgment entered on a jury verdict in the landlord's favor.

Plaintiff appeals on the ground that the court erred in refusing to give BAJI No. 8.00 (Duty of Owner or Occupant of Premises)[1] and also erred by rendering the instruction based on BAJI No. 8.40 (Landlord's Liability for Accident on Leased Premises).[2] In substance, the refused instruction

---

[1]"The [owner] [occupant] of premises is under a duty to exercise ordinary care in the management of such premises in order to avoid exposing persons thereon to an unreasonable risk of harm. A failure to fulfill this duty would be negligence.

"[Ordinary care is that care which persons of ordinary prudence would use in order to avoid injury to themselves or others under circumstances similar to those shown by the evidence.]

"[This duty of care is owed only to such persons as the [owner] [occupant], as a reasonably prudent person under the same or similar circumstances, should have foreseen would be exposed to such a risk of harm.]

"[If you find that the defendant was under such a duty of care to the plaintiff, then,] In determining if defendant exercised such care, you should consider all the surrounding circumstances shown by the evidence, including but not limited to the following:

"(1) [Was the condition of the premises reasonably safe for use for the purposes for which such premises were intended to be used?]

"(2) [Were the active operations on the premises conducted with ordinary care?]

"(3) [Should the condition which created any risk of harm have been obvious to a person exercising ordinary care under the same or similar circumstances?]

"(4) [Would a reasonably prudent person under the same or similar circumstances have expected the plaintiff to recognize the risk of the harm and the magnitude thereof and to avoid it?]

"(5) [Did the defendant know of the condition, if any, which exposed the plaintiff to an unreasonable risk of harm?]

"(6) [If the defendant had no knowledge of such condition, had it existed for such a length of time that if the defendant had exercised ordinary care in inspecting the premises he would have discovered the condition in time to remedy it or to give warning before the injury occurred?]

"(7) [Did the defendant give any warning of a risk of harm as to the condition of the premises or the active operations thereon?]

"(8) [If there was such a warning, was it adequate to enable a reasonably prudent person to avoid the harm?]"

[2]"Ordinarily an owner of premises leased to a tenant is not liable for any injury to the tenant [or to a member of his household] [or to his invitee] that results from a dangerous condition of the premises which existed when the tenant took possession.

"However, if when the tenant took possession of the premises, there was some unsafe condition of which the owner had actual knowledge but which was not known to the tenant and the danger of which was not apparent and was not such

stated that the owner of premises is under a duty to exercise ordinary care in the management of the premises in order to avoid exposing persons thereon to an unreasonable risk of harm. (BAJI No. 8.00; Civ. Code, § 1714.) Instead, the court instructed that ordinarily the owner of premises leased to a tenant is not liable for any injury to the tenant that results from a dangerous condition which existed when the tenant took possession. (BAJI No. 8.40.)

In November 1968, William M. Brennan ("Plaintiff") rented a single family residence from Bill D. Cockrell dba Cockrell Investments, Inc. ("Defendant"). The back stairway of the house had a platform at the top and four steps leading to a concrete walkway. The stairway was equipped with wrought iron railings. Each railing was affixed to the concrete steps by three wrought iron stanchions. Before plaintiff took possession of the premises, defendant noted that the concrete had chipped away from a stanchion on the right railing. However, the railing appeared to be structurally firm.

On October 25, 1969, while plaintiff was descending the back stairway, the right railing broke and plaintiff fell to the ground, sustaining injuries.

Reduced to the simplest terms, the only issue is whether the court correctly stated the law to the jury.

Historically, the liability of landlords to tenants injured on demised premises has been governed by the principles of law contained in BAJI No. 8.40, which was given by the trial court herein. Even today, in a majority of jurisdictions, it is still the rule that, absent fraud or deceit on the part of the landlord in concealing latent defects, or a covenant or statutory duty to repair, he is not liable for injuries to the tenant caused by defects in leased premises. (Prosser, Law of Torts (4th ed. 1971) § 63, p. 399; 2 Witkin, Summary of Cal. Law (7th ed. 1960) Torts, § 280, p. 1479.) However, the majority rule is no longer the law of this state.

California departed from the traditional rules governing the liability of the owners and occupiers of land in the case of *Rowland* v. *Christian*, 69 Cal.2d 108 [70 Cal.Rptr. 97, 443 P.2d 561, 32 A.L.R.3d 496], when the court held that section 1714 of the Civil Code controlled the liability of tenants for injuries to their social guests. That statute provides as follows:

as would have been discovered by a reasonable inspection of the premises, the owner was under a duty to inform the tenant of the danger and, if the owner failed to do so, he is subject to liability to the tenant [or to a member of his household] [or to his invitee] for injuries resulting from such unsafe condition."

"Every one is responsible, not only for the result of his willful acts, but also for an injury occasioned to another by his want of ordinary care or skill in the management of his property or person, except so far as the latter has, willfully or by want of ordinary care, brought the injury upon himself. . . ." Under this section, the *Rowland* court stated the correct test to be applied in determining the liability of the land possessor ". . . is whether in the management of his property he has acted as a reasonable man in view of the probability of injury to others, and, although the plaintiff's status as a trespasser, licensee, or invitee may in the light of the facts giving rise to such status have some bearing on the question of liability, the status is not determinative." (*Ibid.* at p. 119.) ■ The basic policy of this state, as contained in section 1714 of the Civil Code, is that every person is responsible for injuries caused to others by his failure to use ordinary care or skill in the management of his property. (*Ibid.* at pp. 118-119.) ". . . [I]n the absence of statutory provision declaring an exception to the fundamental principles enunciated by section 1714 . . . no such exception shall be made unless clearly supported by public policy." (*Ibid.* at p. 112.)

The *Rowland* court decided that no public policy required that an exception be carved out of the statute for tenants in possession when they were sued by their guests. ■ The question in the case under review is whether one should be made for landlords not in possession when they are sued by their tenants.

At first glance, the fact that here the tenant, rather than the landlord, was in possession of the defective premises appears to distinguish this case from *Rowland* and to raise the possibility that an exception to the general rule should be strongly considered. Possession means control, or at least some considerable degree of it. Lack of possession, then, means lack of control, and should entitle the landlord to relief from the demands of section 1714. As a landlord out of possession, he should be held to the lesser standard of the common law rule and should be said to have no duty of ordinary care toward a tenant in possession.

So runs the argument. We do not, however, find it sufficiently convincing to compel a judicial amendment of the code. Possession and degree of control over the premises are significant factors to be weighed in determining whether or not the landlord failed to meet the statutory standard of care. Indeed, these considerations go to the very essence of the negligence issue. But it is impossible to perceive any legitimate public interest that would be promoted by the creation of a landlord immunity exception to the code provision. That a landlord must act toward his tenant as a

reasonable person under all of the circumstances, including the likelihood of injury, the probable seriousness of such injury, the burden of reducing or avoiding the risk, and his degree of control over the risk-creating defect, seems a sound proposition and one that expresses well the principles of justice and reasonableness upon which the law of torts is based. It is no part of fairness and rationality to transform possession and control from mere factors bearing on negligence into barriers to consideration of that issue. (See 2 Harper & James, The Law of Torts (1956) § 27.16 at p. 1509.) As the court said in *Rowland*, "[T]o focus upon the status of the injured party, . . . in order to determine the question whether the landowner has a duty of care, is contrary to our modern social mores and humanitarian values." (*Ibid.* at p. 118.)

Though the Supreme Court has not had the question posed by the case at bar squarely put before it, it has stated, by way of dictum, that the rule of *Rowland* v. *Christian* applies in landlord-tenant cases (*Mark* v. *Pacific Gas & Electric Co.*, 7 Cal.3d 170 at p. 183 [101 Cal.Rptr. 908, 496 P.2d 1276]). Three other decisions in this state have applied the *Rowland* standard to situations involving trespasser-owner (*Beard* v. *Atchison, Topeka & Santa Fe Ry. Co.*, 4 Cal.App.3d 129 [84 Cal.Rptr. 449]), lessor-lessee (*Mezerkor* v. *Texaco, Inc.*, 266 Cal.App.2d 76 [72 Cal.Rptr. 1, 639]), and landlord-tenant (*Minoletti* v. *Sabini*, 27 Cal.App.3d 321 [103 Cal.Rptr. 528]) .

Any contrary authority is not persuasive. *Del Pino* v. *Gualtieri*, 265 Cal.App.2d 912 [71 Cal.Rptr. 716], failed to take note of the *Rowland* decision, an omission made understandable by the short lapse of time by which the high court's opinion preceded the decision by the *Del Pino* tribunal. As for *Fakhoury* v. *Magner*, 25 Cal.App.3d 58 [101 Cal.Rptr. 473], its concern was with liability for defective furniture, and its remarks on the subject of defective premises were entirely dicta.

The trend in other jurisdictions is to follow the lead set by California in applying ordinary rules of negligence to tort cases involving owners and occupiers of land. (See *Smith* v. *Arbaugh's Restaurant, Inc.* (1972) 469 F.2d 97 [152 App.D.C. 86]; *Pickard* v. *City and County of Honolulu* (1969) 51 Hawaii 134 [452 P.2d 445]; *Mounsey* v. *Ellard* (Mass. 1973) [297 N.E.2d 43]; *Sargent* v. *Ross* (1973) 113 N.H. 388 [308 A.2d 528].) If this trend continues, questions of possession and control, answers to which have been prerequisite to even a consideration of the negligence of an owner or occupier of land, will everywhere be relevant only as they bear on such basic tort issues as the foreseeability and unreasonableness of the particular risk of harm. The direction the law is now

taking clearly is toward " 'imposing on owners and occupiers a single duty of reasonable care in all the circumstances.' " (*Kermarec* v. *Compagnie Generale,* 358 U.S. 625 at p. 631 [3 L.Ed.2d 550, at p. 555, 79 S.Ct. 406, 410], quoting the dissenting opinion of Clark, C. J., in *Kermarec* v. *Compagnie Generale Transatlantique,* 245 F.2d 175 at p. 180.)

■ In light of the foregoing discussion, it is apparent that the trial court was incorrect in employing instructions based on the superseded common law rules instead of on section 1714 of the Civil Code. This was reversible error inasmuch as the plaintiff was entitled to have the jury instructed on every theory of the case that was supported by the evidence, including negligence. *Phillips* v. *G. L. Truman Excavation Co.,* 55 Cal. 2d 801 [13 Cal.Rptr. 401, 362 P.2d 33].)

The judgment is reversed.

Tamura, J., and Kaufman, J, concurred.