[Civ. No. 57709. Second Dist., Div. Five. Dec. 11, 1980.]

SAUL ROSALES et al., Plaintiffs and Appellants, v.
THELMA STEWART, Defendant and Respondent.

COUNSEL

Lorenzo Martin Campbell for Plaintiffs and Appellants.

Halde, Thomas, Kallman & Hulse and Jeffrey Evan Thomas for Defendant and Respondent.

OPINION

STEPHENS, J.—Appellants, Saul and Rosa Rosales, initiated this wrongful death action in their capacity as the parents and only heirs of Noemi Rosales who was 10 years old at the time of her death.

While in the backyard of her home, on the afternoon of June 6, 1978, Noemi was struck by a bullet fired by one Steven Boyer (hereinafter Boyer) while standing in the backyard of a dwelling which he was renting from respondent Thelma Stewart. Two days later Noemi died as a result of the injuries she suffered when struck by the bullet. The backyard of the dwelling owned by Thelma Stewart, from which her tenant had fired the fatal shot, adjoined that of decedent.

Appellants alleged in the first amended complaint that "From at least May, 1978, defendants [Stewart and Does] were aware that their tenant.. .occasionally discharged a firearm in the backyard of the rented dwelling.... [¶] Defendants [Stewart and Does] knew that such conduct had occurred and that such conduct was likely to occur in the future and was likely to constitute a threat to the lives and safety of persons,... [¶] On June 6, 1978, defendants [Stewart and Does] negligently failed to exercise ordinary care in management of their property and to prevent defendants from constituting a physical threat to other persons."

This appeal is taken from an order of dismissal entered after respondent's demurrer to appellants' first amended complaint was sustained without leave to amend.

## I.

The primary issue on this appeal is whether a landlord may be liable for the acts of her tenant committed on the leased premises which injure persons on the adjoining premises.

█ Regarding the elements of a cause of action for negligent injury to person or property, the complaint "must allege (1) defendant's legal duty of care toward plaintiff;...(2) defendant's breach of duty—the negligent act or omission;...(3) injury to plaintiff as a result of the breach—proximate or legal cause;...[and] (4) damage to plaintiff...." (3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, § 450, p. 2103.)

Although the legal conclusion that "a duty" exists is neither necessary nor proper in a complaint, facts which cause it to arise (or from which it is "inferred") are essential to the cause of action. (*Palmer* v. *Crafts* (1936) 16 Cal.App.2d 370, 374 [60 P.2d 533].)

█ It is a general principle that one owes a duty of care only to those who are foreseeably endangered by one's own conduct, with respect to all risks which make the conduct unreasonably dangerous. (Civ. Code, § 1714; *Tarasoff* v. *Regents of University of California* (1976) 17 Cal.3d 425 [131 Cal.Rptr. 14, 551 P.2d 334, 83 A.L.R.3d 1166].) █ As this court stated in *J. A. Meyers & Co.* v. *Los Angeles County Probation Dept.* (1978) 78 Cal.App.3d 309, 312-313 [144 Cal.Rptr. 186]: "Under the common law, as a general rule, one person owed no duty to control the conduct of another, nor to warn those endangered by such conduct absent some special relationship to either the person whose conduct needs to be controlled or to the foreseeable victim of that conduct. (*Tarasoff* v. *Regents of University of California*, 17 Cal. 3d 425, 435....)"

Appellants claim they have pleaded such a special relationship, that of landlord-tenant, and therefore the court below abused its discretion in sustaining the demurrer to the first amended complaint without leave to amend. They rely primarily on three cases they believe are controlling: *Rowland* v. *Christian* (1968) 69 Cal.2d 108 [70 Cal.Rptr. 97, 443

P.2d 561, 32 A.L.R.3d 496]; *Uccello v. Laudenslayer* (1975) 44 Cal. App.3d 504 [118 Cal.Rptr. 741, 81 A.L.R.3d 628]; *Brennan v. Cockrell Investments, Inc.* (1973) 35 Cal.App.3d 796 [111 Cal.Rptr. 122].

In *Rowland v. Christian, supra,* the court, in its determination of whether a possessor of land owes a duty to injured victims, stated that the following considerations must be balanced: the foreseeability of harm to the plaintiff; the closeness of the connection between defendant's conduct and the injury suffered; the moral blame attached to the defendant's conduct; the extent of the burden to the defendant and the consequences to the community of imposing a duty with resulting liability for breach; and the availability, cost and prevalence of insurance for the risk involved. (*Id.* at p. 113.)

In the instant case, the tenant was alleged to have engaged in an activity which was both dangerous to others than himself but also unlawful. The danger created was not confined to the leased property. To a limited extent, it is alleged that the tenant was using the land as a firing range. Anyone within the line of fire of the tenant's firearm was within the zone of danger whether on or off the property. The tenant's duty was clearly to third persons either on or off the property, so long as that person was within the zone of danger. This brings us to the question initially posed: Does the landlord have a like duty towards those persons who may be injured by the acts of the tenant?

In *Uccello v. Laudenslayer, supra,* 44 Cal.App.3d 504, the court analyzed the duty of a landlord to persons injured by a dangerous condition created by the tenant. The court stated (at p. 512): "[W]e believe public policy requires that a landlord who has knowledge of a dangerous animal should be held to owe a duty of care only when he has the right to prevent the presence of the animal on the premises. Simply put, a landlord should not be held liable for injuries from conditions over which he has no control."

■ In the pleadings (as heretofore set forth) it is alleged that the landlord had knowledge of the acts of the tenant and of the danger existent. This is not, in itself, sufficient to impose liability upon the landlord. As recognized in the cases cited by appellants, the landlord must also have the opportunity and the ability to eliminate the dangerous condition being created by the tenant. We agree with the trial court that the first amended complaint is insufficient to establish this necessary element.

In *Uccello* v. *Laudenslayer, supra,* 44 Cal.App.3d 504, the court said that the landlord's failure to terminate the tenant's month-to-month lease or, at least, to threaten such termination if he did not stop harboring a dangerous dog, subjected the landlord to liability. In effect the case held that the landlord is under a duty to third persons to do all that he legally can to get rid of a dangerous condition *on the leased premises,* even if it means getting rid of the tenant.

There is no allegation that the knowledge by the landlord preceded a renewal of the tenancy (as in *Uccello*) or that the rental agreement could otherwise have been terminated prior to the injury.[1] The only control over the property possessed by the landlord was this power to terminate the tenancy.

Since it is clear that the allegations of the tenant's conduct established a dangerous and unlawful condition, it may be that appellants could successfully plead that the landlord had both the opportunity and the ability to prevent the tenant's continued firing of his gun by persuasion or threats or to take steps to terminate the tenant's right to use respondent's premises.

Under these circumstances we conclude that although the trial court was correct in sustaining the demurrer, it should not have been sustained without leave to amend.

Judgment reversed and the cause remanded with directions that leave to amend be granted.

Kaus, P. J., and Ashby, J., concurred.

---

[1]See Code of Civil Procedure section 1161, subdivision 4, among other termination proceedings.