REYES, Judge
Appellant tenants appeal from a district court's grant of summary judgment for respondent landlord. Appellants argue that (1) respondent has an "unwaivable" statutory and common-law duty as a landlord to repair and maintain the leased premises; (2) the district court incorrectly applied the law on a landlord's common-law duty toward tenants; (3) genuine issues of material fact existed; and (4) the district court failed to view the evidence in the light most favorable to the nonmoving party. We affirm in part, reverse in part, and remand.
FACTS
Appellants David and Barbara Wise (collectively, the Wises) are longtime residents of Graham Place Apartments, a senior community in St. Paul. Graham Place Apartments is owned and managed by respondent Stonebridge Communities, LLC (Stonebridge). On October 20, 2014, Barbara Wise (Wise) tripped and fell on an uneven section of the sidewalk in front of the main entrance to Graham Place Apartments. Wise claimed that she tripped on both the uneven sidewalk and a black mat, but the precise location of the mat is disputed. As a result of her fall, Wise suffered a bloody nose, concussion, torn right bicep tendon, severe bruising, and an aggravation of a prior rotator-cuff repair to her right arm. She claims resulting pain, headaches, vision problems, and insomnia.
The Wises sued Stonebridge in August 2016, claiming negligence and loss of consortium.[1] Stonebridge moved for summary *775 judgment, arguing that the Wises' claims fail because Stonebridge did not have notice of the mat being in a dangerous position on the sidewalk, and, in the alternative, that the uneven sidewalk constituted an open-and-obvious condition, for which Stonebridge did not owe the Wises a duty to warn. The Wises opposed Stonebridge's motion, arguing that Stonebridge had an unwaivable duty, under statute and common law, to repair and maintain the common areas of the premises and that this duty superseded any open-and-obvious determination.
The district court granted Stonebridge's motion for summary judgment on the sole basis that the uneven sidewalk presented an open-and-obvious condition. In the same order, the district court denied as moot the parties' other pretrial motions. This appeal follows.
ISSUES
I. Did the district court err in granting summary judgment to Stonebridge on the Wises' negligence claim against Stonebridge for allegedly violating its unwaivable statutory duty under Minn. Stat § 504B.161, subd. 1(a), to repair and maintain the common areas of the leased premises?
II. Did the district court err in granting summary judgment and in declining to consider the Wises' claim that Stonebridge had a common-law duty to repair and maintain the common areas of the premises?
III. Did the district court err in granting Stonebridge's motion for summary judgment because the open-and-obvious nature of the uneven sidewalk eliminated Stonebridge's duty to warn the Wises of its existence?[2]
ANALYSIS
We review de novo a district court's summary-judgment decision on whether there are any genuine issues of material fact and whether the district court erred in applying the law. Minn. R. Civ. P. 56.03 ; Riverview Muir Doran, LLC v. JADT Dev. Grp., LLC , 790 N.W.2d 167, 170 (Minn. 2010). We view the evidence in the light most favorable to the nonmoving party. STAR Ctrs., Inc. v. Faegre & Benson, L.L.P. , 644 N.W.2d 72, 76 (Minn. 2002).
I. The district court did not err in granting summary judgment to Stonebridge on the Wises' negligence claim against Stonebridge for allegedly violating its unwaivable statutory duty under Minn. Stat § 504B.161, subd. 1(a), to repair and maintain the common areas of the leased premises.
The Wises argue that the district court erred in failing to consider Stonebridge's unwaivable duty, under Minn. Stat. § 504B.161, subd. 1(a), to repair and maintain the common areas of the leased premises even if a dangerous condition is open and obvious. We disagree.
Minn. Stat. § 504B.161, subd. 1(a), establishes several covenants, known as the covenants of habitability, which are implied in every residential lease.
*776 Fritz v. Warthen , 298 Minn. 54, 213 N.W.2d 339, 340-41 (1973). Parties to a lease may not waive the covenants and they are to be liberally construed. Rush v. Westwood Vill. P'ship , 887 N.W.2d 701, 706 (Minn. App. 2016). The covenants provide, in relevant part, that the landlord promises that the common areas will be fit for the tenant's intended use, to keep the premises in reasonable repair during the term of the lease, and to maintain the premises in compliance with applicable health and safety laws. Minn. Stat. § 504B.161, subd. 1(a)(1)-(2),(4) (2018).
The supreme court has determined that the legislature "clearly" intended for the covenants of habitability to guarantee adequate and tenantable housing. Fritz , 213 N.W.2d at 342. The supreme court has authorized enforcement of the covenants of habitability in three specific ways:
(1) The tenant may assert breach of the covenants as a defense to the landlord's unlawful detainer action for nonpayment of rent;
(2) The tenant may continue to pay rent and bring his own action to recover damages for breach of the covenants by the landlord;
(3) The tenant, after vacating the premises and suspending rent payments, may raise breach of the covenants as a defense to an action by the landlord for rent.
Id. at 341. The covenants of habitability and the covenant for payment of rent are mutually dependent. Id.
This court has repeatedly held that the remedies applied by the supreme court to enforce the covenants of habitability "do not appear to extend liability of a landlord to money damages for injuries received by a tenant as a result of an unknown defect in the rented premises." Meyer v. Parkin , 350 N.W.2d 435, 438 (Minn. App. 1984), review denied (Minn. Sept. 12, 1984); see Rush , 887 N.W.2d at 708 (holding intended use of covenants of habitability is not to impose strict liability upon landlord or expand landlord's liability beyond that articulated in caselaw); see also Broughton v. Maes , 378 N.W.2d 134, 136 n.1 (Minn. App. 1985) (stating supreme court held enactment of covenants of habitability did not alter landlord's tort liability), review denied (Minn. Feb. 14, 1986).
The Wises argue, without citation to any supporting caselaw, that Stonebridge is liable in negligence for Wise's injuries because it violated the covenants under Minn. Stat. § 504B.161, subd. 1(a), by failing to repair the uneven sidewalk and failing to maintain the front entrance of the Graham Place Apartments, a common area on the premises. In effect, the Wises ask us to recognize a new statutory negligence cause of action. But it is not the function of this court to create new causes of action. Stubbs v. N. Mem'l Med. Ctr. , 448 N.W.2d 78, 81 (Minn. App. 1989), review denied (Minn. Jan. 12, 1990). Given the supreme court's instruction on the legislative intent of the covenants of habitability in Minn. Stat. § 504B.161, subd. 1(a), and the limited permitted methods of enforcing them, we hold that the covenants of habitability do not support a negligence cause of action by a tenant against a landlord for breach of its duty to repair and maintain the common areas of the leased premises. As a result, the district court did not err in granting summary judgment to Stonebridge on the Wises' claim of negligence under Minn. Stat. § 504B.161, subd. 1(a).
II. The district court erred in granting summary judgment and in declining to consider the Wises' claim that Stonebridge had a common-law duty to repair and maintain the common areas of the premises condition.
The Wises argue that the district court erred in failing to consider their claim that *777 Stonebridge violated its common-law duty to repair and maintain because Stonebridge failed to correct the uneven sidewalk that caused Wise's accident despite knowing that it presented a trip hazard.[3] We agree.
Minnesota follows the common-law rule that landlords are generally not liable and have no duty of care to tenants for damages caused by defective conditions on the premises. Gradjelick v. Hance , 646 N.W.2d 225, 231 (Minn. 2002). There are several exceptions to the general rule for landlords, depending on whether the landlord (1) knows of or should have known of a hidden dangerous condition on the premises, and the tenant, in exercising due care, would not have discovered it for himself, Johnson v. O'Brien , 258 Minn. 502, 105 N.W.2d 244, 245 (1960) ; (2) retains possession and control over an area intended for the common use of the tenants (the "common-area" exception), Gradjelick , 646 N.W.2d at 231 ; (3) has leased the premises for purposes involving admission to the public, Broughton , 378 N.W.2d at 135 ; or (4) has willingly undertaken repairs to the premises but does so negligently, White v. Many Rivers W. Ltd. P'ship , 797 N.W.2d 739, 744 (Minn. App. 2011).
Because Wise's accident occurred at the front entrance of the Graham Place Apartments, a common area used by all tenants and under Stonebridge's control, the Wises contend that the common-area exception applies. We agree. When a landlord retains control over a common area of the leased premises, the landlord has a duty to ensure that it constructs and maintains the area in a reasonably safe condition. Nubbe v. Hardy Cont'l Hotel Sys. , 225 Minn. 496, 31 N.W.2d 332, 334 (1948). This duty requires the landlord to inspect the condition of the common area at reasonable intervals, and not to wait until someone has injured themselves as a result of a dangerous condition that a reasonable inspection would have revealed. Geislinger v. Vill. of Watkins , 269 Minn. 116, 130 N.W.2d 62, 68 (1964).
Here, viewing the evidence in the light most favorable to the Wises, Stonebridge's current maintenance supervisor testified that the uneven sidewalk had existed for "some time" before Stonebridge repaired it. He said that he had actual knowledge of the uneven sidewalk for "possibly" more than two months but not more than six months before Wise's accident. The Wises' daughter's testified that she observed the uneven sidewalk in the six months before Wise's accident and considered it to be a trip hazard. Because sufficient evidence exists in the record to raise a genuine issue of material fact about whether Stonebridge breached its common-law duty to repair and maintain the common areas of the leased premises, we conclude that the district court erred in granting summary judgment and in declining to consider the Wises' claim that Stonebridge had a common law duty to repair and maintain.
III. The district court erred in granting summary judgment based on its determination that Stonebridge did not owe the Wises a duty to warn of the uneven sidewalk because it constituted an open-and-obvious condition.
The Wises argue that the district court erred in applying the open-and-obvious exception to Stonebridge's duty to warn of *778 dangerous conditions because the uneven sidewalk was not visible to Wise. While the Wises' argument about the open-and-obvious exception fails based solely on Wise's testimony, we conclude that the district court erred by failing to resolve any doubts or factual inconsistencies in favor of the Wises, as the nonmoving parties.
A landlord's duty to warn tenants applies only to hidden, dangerous conditions. Oakland v. Stenlund , 420 N.W.2d 248, 251 (Minn. App. 1988), review denied (Minn. April 20, 1988). This duty is eliminated if the dangerous condition is open and obvious. White , 797 N.W.2d at 745. When determining whether a dangerous condition is open and obvious, courts use an objective determination: "the question is not whether the injured party actually saw the danger, but whether it was in fact visible." Louis v. Louis , 636 N.W.2d 314, 321 (Minn. 2001).
The Wises contend that Wise's testimony that she did not see the uneven sidewalk - albeit because she did not look down - supports the finding that the uneven sidewalk was not open and obvious. The district court found that the mat covered the uneven sidewalk and that Wise tripped on both the mat and the concrete. The district court ultimately determined that Stonebridge did not have a duty to warn the Wises, based on the testimony of several witnesses who claimed that the uneven sidewalk was open and obvious. Both analyses are erroneous. The Wises' argument focuses solely on Wise's subjective observation when the open-and-obvious analysis requires an objective determination, and the district court's analysis fails to view the evidence in the light most favorable to the Wises.
The record contains inconsistent testimony about the extent to which the mat may have concealed the uneven sidewalk. Wise testified that the mat covered "a lot of lips" in the concrete and she could remember and depict the location of the mat on the day of her accident. But she later testified that, as she approached the front entrance, she "wasn't even looking for the mat." A former Stonebridge employee testified that he observed the uneven sidewalk to be under the mat, at the edge near the front entrance. Yet he also testified that he observed the raised part of the sidewalk as "coming out on either side" of the mat. Wise testified that when she fell her face was above the mat, the middle of her body was on the mat, and her feet were below the mat on the concrete. The inconsistencies surrounding the precise placement and the role of the mat in Wise's accident present a genuine issue of material fact on whether the uneven sidewalk constituted a hidden danger or an open-and-obvious condition, and renders this case ill-suited for summary judgment. While the Wises' challenge to the objective standard of the open-and-obvious determination fails, the inconsistencies surrounding the exact placement of the mat should have been resolved in favor of the Wises, as the nonmoving parties, and precluded the district court's grant of summary judgment.
DECISION
Based on the supreme court's interpretation of the covenants of habitability under Minn. Stat. § 504B.161, subd. 1(a), that tenants may enforce them in three limited ways, we hold that the statute does not support the Wises' private negligence cause of action against Stonebridge for breach of its duty to repair and maintain the common areas of the leased premises. We affirm the portion of the district court's grant of summary judgment to Stonebridge on the Wises' negligence claim based on violation of the covenants of habitability, reverse the district court's grant *779 of summary judgment to Stonebridge on the remainder of the Wises' claims, and remand for proceedings consistent with this opinion.
Affirmed in part, reversed in part, and remanded.

The Wises moved to amend their complaint to add claims for punitive damages and negligence per se. In its order granting summary judgment for Stonebridge, the district court denied as moot the Wises' motion to add a claim for punitive damages and did not consider the negligence per se issue. The Wises do not raise the issue of punitive damages on appeal, and the record contains insufficient evidence to evaluate a claim for negligence per se. Therefore, we decline to address both issues.

The Wises raise two additional issues in their brief. Because both issues are part of the summary-judgment standard, we include them in our analysis of the second and third issue.

The Wises' brief cites caselaw for a landlord's common-law duty to repair and maintain common areas of the leased premises over which it retains control, but omits any legal analysis. Nevertheless, the Wises raised a landlord's common-law duty to repair and maintain in district court, and the record contains sufficient evidence to permit our evaluation of the issue. Therefore, the Wises raised the issue and we will address it.